UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

NORMA JEAN GARZA, *et al*,        §
                                  §
        Plaintiffs,               §
VS.                               §     CIVIL ACTION NO. 2:14-CV-460
                                  §
FCA US LLC, *et al*,              §
                                  §
        Defendants.               §

## ORDER REMANDING CASE

Before the Court is Plaintiffs' Motion to Remand (D.E. 7).  Plaintiffs originally filed this single-vehicle accident case in the 79th Judicial District Court of Jim Wells County, Texas, stating state law claims for wrongful death and survival damages. Defendant Chrysler Group, L.L.C. removed the case to this Court on the basis of diversity jurisdiction, claiming that non-diverse Defendants, Tino's Auto Mart and Florentino Garza, were fraudulently or improperly joined.  For the reasons set out below, the motion is GRANTED.

## STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id*. The strict construction rule arises because of "significant federalism concerns."  *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).  "The

party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Both methods are at issue here. The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

There is no question that Chrysler is diverse and that the amount in controversy for diversity jurisdiction is met in this case. 28 U.S.C. § 1332. The only question is whether Tino's Auto Mart and Florentino Garza (jointly TAM),[1] the non-diverse defendants, were improperly joined because the allegations against them are demonstrably false or because Plaintiffs cannot establish a cause of action against them.

## DISCUSSION

This case arises from a one-vehicle accident involving a 2008 Dodge Ram 3500 pickup truck (Dodge). At the time of the incident, Ovidio Villarreal (Villarreal) was

---

[1] Plaintiffs alleged that Tino's Auto Mart is an unincorporated business that may be a sole proprietorship or partnership, with Florentino Garza its owner. The allegations against them do not distinguish them. They will therefore be referred to as the singular "TAM" in the discussion of the pending motion.

driving the Dodge on a trip to Florida and Mark Andrew Guerrero (Guerrero), Arnold Galvan, III (Galvan), and Steve Manuel Garcia (Garcia) were passengers. The Dodge left the roadway of Interstate 10 eastbound in Gadsden County, Florida, collided with a tree, and burned. All of the occupants died in the collision and fire. Plaintiffs have sued Chrysler Group, LLC (Chrysler n/k/a FCA US LLC) for products liability and negligence. Chrysler removed the case to this Court.

Plaintiffs also sued TAM, which is non-diverse. Plaintiffs allege that TAM employed Villarreal and Guerrero as regular employees and engaged the services of Galvan and Garcia as independent contractors. Plaintiffs allege that TAM sent them all on the Florida trip in the Dodge it supplied, pulling a gooseneck flatbed trailer that it also supplied, to buy and bring back a 4x4 vehicle, referred to as a Mudder. They further allege that TAM supplied Villarreal with sufficient funds to purchase the Mudder and pay all expenses for the trip. D.E. 1-2. Hence the trip was a "business trip" for TAM, and Villarreal and Guerrero, in particular, were acting within the course and scope of their employment. Plaintiffs allege claims based on an employer's duties to an employee and independent contractor in negligence.

While Chrysler does not dispute that TAM employed Villarreal and Guerrero, it claims that they were not working in the course and scope of their employment for TAM at the time of the incident. Chrysler relies on affidavits signed by TAM's owner and his two sons, Victor Garza and Roy Garza. Those affidavits reflect the following:

- Victor Garza owned the Dodge as his personal vehicle and it was titled in his name;

- Victor Garza and Roy Garza are sons of Florentino Garza, who is the owner of TAM;

- Victor Garza works for TAM as a salesman and as a certified tow truck operator;

- Roy Garza works for TAM as a mechanic;

- TAM neither owned nor maintained the Dodge;

- Victor Garza, without TAM's involvement, agreed to let certain of the decedents use his vehicle to go to Florida on a personal trip as a favor to his brother, Roy Garza;

- TAM did not instruct any of the decedents to go on the trip;

- The trip was not related to TAM's business, but rather was to purchase the Mudder for Roy Garza's hobby, a transaction that Roy Garza had negotiated through Craigslist; and

- The money for the purchase and the trip came from Roy Garza's personal funds and not from TAM's money and was tendered to Guerrero.

This evidence could support a complete defense for TAM. However, the question before the Court is whether, at this preliminary stage, that evidence is entitled to conclusive effect, such that Plaintiffs' allegations are categorically wrong and no claim could survive trial. *Crockett, supra*.

Accepting as true that TAM did not own the Dodge, ownership does not preclude TAM from making arrangements with its owner to borrow the vehicle for business purposes, particularly when the owner is employed by the business and is the owner's son. After all, the affidavits themselves reflect that Roy Garza borrowed the vehicle from Victor Garza and furnished it to certain decedents for Roy Garza's purposes. And while the Garza witnesses corroborate each other in stating that the Florida trip was for Roy

Garza's personal purposes and was enabled by Victor Garza to the exclusion of TAM, a jury would not be required to believe such testimony, particularly given the family's self-interest.  *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) (a party's self-serving statement in an affidavit does not trump all other evidence in the case).  It is also noteworthy that the affidavits do not address ownership of the gooseneck trailer that the Dodge was taking to Florida and on which the Mudder would be transported to Texas.

Plaintiffs responded with affidavits of Villarreal's mother and brother, reflecting the following:

- Ovidio Villarreal was employed by TAM at the time of the trip to Florida;

- TAM is a used car dealership that has displayed pickup trucks, including mudding trucks, for sale for many years; and

- Victor Garza admitted that he, Villarreal, and Guerrero planned the Florida trip while on TAM's premises.

This evidence, based on the affiant's personal knowledge and observations, throws some doubt on the Garzas's denial that Villarreal was retrieving the Mudder for TAM. Plaintiffs' affidavits also include the following, challenged as inadmissible hearsay:

- Villarreal told them that his supervisors at TAM were Victor Garza and Roy Garza, along with Florentino Garza;

- Villarreal told them that his work at TAM included repossessing vehicles, retrieving vehicles for TAM to sell, attending auto auctions for TAM, washing cars on TAM's lot, assisting with repairs of vehicles offered for sale by TAM, and other odd jobs that his supervisors required; and

- Villarreal told his mother that TAM was sending him to Florida, paying him for his time and covering expenses.

Plaintiffs have not responded to Chrysler's hearsay objection to this testimony and the objection is sustained.  However, this is not a summary judgment proceeding, but rather a test of the ability of Plaintiffs to plead and prove a cause of action against TAM.  In this context, the Court treats these statements as supplemental allegations.  Certainly the first two items on this hearsay list are matters that could conceivably be confirmed by admissible evidence obtained through discovery.  The third, the subject of a telephone call, may not be subject to easy corroboration through admissible evidence.  But it is not essential to Plaintiffs' claims.

Because Chrysler bears a heavy burden to eliminate Plaintiffs' claims against TAM and because the evidence offered by Chrysler does not pretermit the claims, the Court FINDS that TAM is not improperly or fraudulently joined to defeat diversity. Because of this holding, the Court need not address Plaintiffs' argument that this matter is not properly removable as a worker's compensation claim.

For the reasons set out above, the Court GRANTS the Motion to Remand (D.E. 7) and remands this action to the 79th Judicial District Court of Jim Wells County, Texas, the court from which it was removed.

ORDERED this 31st day of March, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE